UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

JEFFREY E. JONES, a citizen of the State of )
Missouri, DENT PERFECT, LLC, a Missouri )
limited liability company d/b/a HAILUSA, ) Civil Action No.: 1:16-cv-
)
Plaintiffs, )
) **COMPLAINT**
v. ) **AND JURY DEMAND**
)
USA HAIL LLC, a Kansas limited liability )
company, Dennis J. Sanders II, a citizen of the )
State of Kansas and DOES I through X, )
inclusive, )
)
Defendants.

## COMPLAINT

COME NOW Jeffrey E. Jones (hereinafter, "Jones") and Dent Perfect, LLC, d/b/a HAILUSA (hereinafter "HAILUSA") (collectively, "Plaintiffs"), by and through their attorneys undersigned, and for their Complaint against USA HAIL, LLC (hereinafter, "USA HAIL"), Dennis J. Sanders II, ("Sanders"), and DOES I through X (hereinafter, "DOES I – X") (collectively, "Defendants"), state to the Court as follows:

### THE PARTIES

1. Jones is a citizen of the State of Missouri who conducts business in this District and is, therefore, subject to the jurisdiction of this Court.

2. HAILUSA is a Missouri limited liability company, with a principal place of business located in Springfield, Missouri, and conducts business in this District and is, therefore, subject to the jurisdiction of this Court.

3. USA HAIL is a Kansas limited liability company, with a principal place of business located in Wichita, Kansas, and conducts business in this District and is, therefore, subject to the jurisdiction of this Court.

4. Sanders is a citizen of the State of Kansas who conducts business in this District and is, therefore, subject to the jurisdiction of this Court.

5. The identity, organization and location of the DOES are presently unknown, but, upon information and belief, all of the Defendants DOES I – X are subject to the jurisdiction of this Court.

## JURISDICTION AND VENUE

6. This is an action for trademark infringement, false designation of origin and description, and unfair competition in violation of the Lanham Act as well as for related state law and common law causes of action.

7. This Court has original subject matter jurisdiction over this action pursuant to 15 U.S.C. §1121 (actions arising under the Lanham Act) and 28 U.S.C. §1338(a) and (b) (acts of Congress relating to trademarks and pendent competition claims).

8. This Court further has jurisdiction over this action pursuant to diversity of citizenship under 28 U.S.C. § 1332 as, upon information and belief, none of the Defendants are citizens of the State of Missouri.

9. This Court has supplemental jurisdiction over the state law and common law causes of action under 28 U.S.C. § 1367(a) because such claims are so related to the federal claims stated in the action, and additionally, the state law and common law claims form part of the same case or controversy and derive from a common nucleus of operative facts.

10. Venue is proper in the Western District of Missouri pursuant to 28 U.S.C. §1391(b)(2).

## FACTS COMMON TO ALL COUNTS

11. Plaintiff Jones is the owner HAILUSA.

12. Plaintiff HAILUSA is a Missouri limited liability company formed on July 5, 2007.

13. From its inception, HAILUSA has provided automobile repair services, namely paintless hail damage repair to customers across the United States.

14. To promote such services, Plaintiffs adopted the HAILUSA trade name and trademark.

15. HAILUSA is the exclusive licensee of the trademark HAILUSA.

16. Plaintiff Jones, by and through his exclusive licensee HAILUSA, has established common law rights in the Registered Trademark HAILUSA through ongoing and continuous use of the mark in connection with automobile repair services.

17. On May 25, 2011, Plaintiff Jones filed an application to register the trademark HAILUSA with the United States Patent and Trademark Office ("USPTO") under Application Number 85/329,932.

18. The application identified in the preceding paragraph matured into registration on the Principal Register on May 29, 2012 under Registration Number 4,1515,66, covering "Repair of automobiles, namely, paintless hail damage repair". (A copy of the Certificate of Registration is attached as Exhibit A.)

19. The registration for the Registered Trademark HAILUSA is valid and subsisting, and the registered mark and associated goodwill have become valuable assets of Plaintiff Jones.

20. Plaintiff Jones, by and through his exclusive licensee HAILUSA, has used the Registered Trademark HAILUSA in connection with marketing and providing automobile repair services in interstate commerce continuously since at least as early as May 2011.

21. During such period, Plaintiffs have maintained a website at www.hailusa.com and have widely advertised automobile repair services throughout the United States. Plaintiffs' website prominently displays the Registered Trademark HAILUSA and provides detailed information about the relevant services.

22. The advertising and promotion of services under the Registered Trademark HAILUSA have been substantial. As a result, Plaintiffs have acquired a reputation of high quality and reliability in connection with automobile repair services.

23. The Registered Trademark HAILUSA has come to identify and distinguish Plaintiffs' automobile repair services from services offered by others and, more importantly, to symbolize the source, high quality and reliability of Plaintiffs' services.

24. Defendant USA HAIL was formed as a Kansas limited liability company on April 2, 2014.

25. USA HAIL is privately held and controlled by Defendant Sanders. USA HAIL has been and is the alter ego of Defendant Sanders.

26. Upon information and belief, DOES I – X are associated with, and have acted in concert with, Sanders and USA HAIL in committing the unlawful acts alleged in this Complaint.

27. USA HAIL provides automobile repair services, in particular, paintless dent repair.

28. Defendants subsequently adopted the trademark USA HAIL in connection with the marketing of its services.

29. The Defendants were aware of Plaintiffs' prior use of the Registered Trademark HAILUSA and concocted an unlawful scheme to adopt and use a confusingly similar mark to the Registered Trademark HAILUSA.

30. Defendants adopted the USA HAIL trade name and trademark in connection with services virtually identical to those of Plaintiffs in order to compete directly with Plaintiffs and unlawfully steal away Plaintiffs' business and reputation and the value of its Plaintiffs' Registered Trademark.

4

31. In this way, the Defendants schemed to steal away Plaintiffs' business by confusing HAILUSA's customers and potential customers.

32. In furtherance of the Defendants' scheme, the Defendants have promoted their services using websites, social media, and advertisements, including advertisements painted on the sides of vehicles, to further confuse customers and potential customers as to the source of the services offered by Defendants with those offered by Plaintiffs.

33. On or around June 8, 2016, Plaintiffs, by and through their counsel, demanded that Defendants cease all use of trade name and trademark USA HAIL.

34. Defendants have failed and refused to respond to Plaintiffs' demand.

35. Defendants continue to offer paintless dent repair services under the USA HAIL trade name and trademark.

36. Such use is certain to mislead consumers into believing that the services offered under the USA HAIL trade name and trademark emanate from the same source as the services under Plaintiffs' HAILUSA trade name and Registered Trademark, to the great detriment and injury of Plaintiffs.

37. The unlawful actions of Defendants are likely to cause confusion, to cause mistake, and to cause deception. Moreover, the continued use of the USA HAIL trade name and trademark by Defendants is likely to confuse, mislead, or deceive customers, prospective customers, and the general public into believing that Defendants' paintless dent repair services are rendered by Plaintiffs or that HAILUSA's automobile repair services are rendered by USA HAIL, or that the Parties' respective services are in some way associated, connected, sponsored, licensed, or authorized by a single source, all to the great detriment and injury of Plaintiffs.

38. Plaintiffs have been damaged by the unlawful actions of Defendants and will continue to be damaged by such actions unless and until such unlawful actions are enjoined by this Court.

39. The unlawful conduct of Defendants is willful, and the damage being inflicted upon by the Defendants has been inflicted intentionally.

## CAUSES OF ACTION

## COUNT ONE

### INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK
### 15 U.S.C. § 1114

40. Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 39, inclusive, as though fully set forth herein.

41. USA HAIL has infringed Plaintiff Jones' U.S. Registered Trademark in interstate commerce in violation of 15 U.S.C. § 1114 by various acts, including, without limitation, the unauthorized use of at least one infringing trade name and/or trademark which is a reproduction, counterfeit, copy or colorable imitation of the Registered Trademark HAILUSA in the sale, offering for sale, promotion and advertisement of USA HAIL's services which services are not those of Plaintiffs.

42. Defendant Sanders and Defendants DOES I – X have induced USA HAIL to infringe and have themselves vicariously and contributorily infringed the Registered Trademark HAILUSA in interstate commerce in violation of 15 U.S.C. § 1114 by various acts, including, without limitation, the unauthorized use of at least one infringing trade name and/or trademark which is a reproduction, counterfeit, copy or colorable imitation of the Registered Trademark HAILUSA in the sale, offering for sale, promotion and advertisement of USA HAIL's services which services

6

are not those of Plaintiffs and which are not associated, connected, sponsored, licensed, or authorized by Plaintiffs.

43. Such infringement has been direct and indirect, primary and secondary.

44. The Defendants' continued use of the infringing trademark which is a reproduction, counterfeit, copy or colorable imitation of the Registered Trademark HAILUSA is without the permission or authority of Plaintiffs and has caused and is likely to cause confusion, cause mistake and/or to deceive those in the relevant market in violation of 15 U.S.C. § 1114.

45. The Defendants' continued use of the infringing trademark which is a reproduction, counterfeit, copy or colorable imitation of the Registered Trademark HAILUSA in connection with services identical or related to those of Plaintiffs is ongoing notwithstanding Plaintiffs' well-known and prior established rights in the Registered Trademark HAILUSA and with both actual and constructive notice of the registered mark including under 15 U.S.C. § 1072.

46. Defendants' continued infringement of the Registered Trademark HAILUSA has been committed with wrongful intent and with Defendants' knowledge of the wrongful nature of so doing. Such continued infringement is intentional and willful, entitling Plaintiffs to enhanced damages including statutory and trebled damages pursuant to 15 U.S.C. § 1117.

47. Defendants' continued infringement of the Registered Trademark HAILUSA has caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Plaintiffs, their business and reputation, and the goodwill in and to the Registered Trademark HAILUSA.

48. Plaintiffs have no adequate remedy at law.

## COUNT TWO

### INFRINGEMENT OF COMMON LAW TRADEMARK RIGHTS UNDER FEDERAL LAW
### 15 U.S.C. § 1125

49. Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 48, inclusive, as though fully set forth herein.

50. Defendants' past and ongoing use of a trade name and trademark that is confusingly similar to the Registered Trademark HAILUSA constitutes trademark infringement, false designation of origin or misleading description or misleading representation of fact, in violation of Lanham Act, 15 U.S.C. § 1125.

51. Defendants' unlawful actions have been committed with wrongful intent and with Defendants' knowledge of the wrongful nature thereof.

52. Such actions are intentional and willful, entitling Plaintiffs to enhanced damages including statutory and trebled damages pursuant to 15 U.S.C. § 1117.

53. Defendants' unlawful actions have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Plaintiffs, their business and reputation, and the goodwill in and to the Registered Trademark HAILUSA.

54. Plaintiffs have no adequate remedy at law.

## COUNT THREE

### FEDERAL UNFAIR COMPETITION IN VIOLATION OF THE LANHAM ACT
### 15 U.S.C. § 1125

55. Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 54, inclusive, as though fully set forth herein.

8

56. Defendants' past and ongoing use of a mark that is confusingly similar to the Registered Trademark HAILUSA constitutes unfair competition, in violation of Lanham Act, 15 U.S.C. § 1125.

57. Defendants' unlawful actions have been committed with wrongful intent and with Defendants' knowledge of the wrongful nature thereof.

58. Such actions are intentional and willful, entitling Plaintiffs to enhanced damages including statutory and trebled damages pursuant to 15 U.S.C. § 1117.

59. Defendants' unlawful actions have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Plaintiffs, their business and reputation, and the goodwill in and to the Registered Trademark HAILUSA.

60. Plaintiffs have no adequate remedy at law.

## COUNT FOUR

### TRADEMARK INFRINGEMENT UNDER MISSOURI COMMON LAW

61. Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 59, inclusive, as though fully set forth herein.

62. Defendants' past and ongoing use of a mark that is confusingly similar to the trade name and Registered Trademark HAILUSA constitutes common law trademark infringement, in violation of Missouri common law.

63. Defendants' unlawful actions have been committed with wrongful intent and with Defendants' knowledge of the wrongful nature thereof. Such actions are intentional and willful, entitling Plaintiffs to enhanced damages.

9

64. Defendants' unlawful actions have caused and, unless enjoined by this Court, will continue to cause, irreparable and other damage to Plaintiffs, their business and reputation, and the goodwill in and to the trade name and Registered Trademark HAILUSA.

65. Plaintiffs have no adequate remedy at law.

## COUNT FIVE

### UNFAIR COMPETITION UNDER MISSOURI COMMON LAW

66. Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 65, inclusive, as though fully set forth herein.

67. Defendants' past and ongoing use of a mark that is confusingly similar to the trade name and Registered Trademark HAILUSA constitutes unfair competition, in violation of Missouri common law.

68. Defendants' unlawful actions have been committed with wrongful intent and with Defendants' knowledge of the wrongful nature thereof. Such actions are outrageous, reckless, and willful, entitling Plaintiffs to an award of punitive damages to be determined at trial.

69. Defendants' unlawful actions have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Plaintiffs, their business and reputation, and the goodwill in and to the trade name and Registered Trademark HAILUSA.

70. Plaintiffs have no adequate remedy at law.

## COUNT SIX

### DILUTION IN VIOLATION OF MISSOURI REVISED STATUTE § 417.061

71. Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 70, inclusive, as though fully set forth herein.

72. Defendants' past and ongoing use of a mark that is confusingly similar to the trade name and Registered Trademark HAILUSA has caused or will cause dilution and tarnishment of the distinctive quality of Plaintiffs' mark, in violation of Mo. Rev. Stat. § 417.061, et. seq.

73. Defendants' unlawful actions have been committed with wrongful intent and with Defendants' knowledge of the wrongful nature thereof. Such actions are outrageous, reckless, and willful, entitling Plaintiffs to an award of punitive damages to be determined at trial.

74. Defendants' unlawful actions have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Plaintiffs, their business and reputation, and the goodwill in and to the trade name and Registered Trademark HAILUSA.

75. Plaintiffs have no adequate remedy at law.

## COUNT SEVEN

### UNJUST ENRICHMENT

76. Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 75, inclusive, as though fully set forth herein.

77. By engaging in the aforementioned conduct, Defendants have been and will be unjustly enriched at the expense of Plaintiffs.

78. Defendants' continued wrongful and unlawful conduct has been and continues to be willful, entitling Plaintiffs to damages, including exemplary and punitive damages.

79. Defendants' continued wrongful and unlawful conduct has caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Plaintiffs, their business and reputation, and the goodwill in and to the trade name and Registered Trademark HAILUSA.

80. Plaintiffs have no adequate remedy at law.

11

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court grant the following relief:

A. An award of damages to Plaintiffs, including compensatory, special, exemplary, punitive, statutory and trebled damages (as appropriate to each cause of action) to be assessed, jointly and severally, against Defendants USA HAIL, Sanders, and the Defendants DOES I – X; and

B. A preliminary and/or permanent injunction restraining all Defendants, together with their officers, employees, agents, successors and assigns and all others acting for, by, or in concert with any of them, from adopting, using or displaying, directly or indirectly, the trade name or trademark USA HAIL, or any trade name or trademark that is confusingly similar to the trade name or Registered Trademark HAILUSA; and

C. An Order requiring Defendants to surrender to Plaintiffs Uniform Resource Locators www.usahail.co and related Uniform Resource Locators; and

D. An Order requiring Defendants, and each of them, to account to Plaintiffs for profits resulting from their unlawful conduct; and

E. An Order requiring Defendants to destroy all materials bearing or incorporating the infringing trade names or trademarks; and

F. An award of attorneys' fees and costs (as appropriate); and

G. Such other relief as the Court deems just and equitable under the circumstances.

## JURY DEMAND

Plaintiffs hereby request a trial by jury for all issues so triable.

Respectfully submitted,

NEALE & NEWMAN, L.L.P.

By: _____
    Bryan D. Fisher, #65904

1949 E. Sunshine, Ste. 1-130
P.O. Box 10327
Springfield, MO 65808-0327
Telephone: (417) 882-9090
Facsimile: (417) 882-2529
Email: bfisher@nnlaw.com

**ATTORNEYS FOR PLAINTIFFS**

13